March 11,
1955. } No. 4400.

OPINION OF THE JUSTICES.

The following resolution adopted by the House of Representatives on February 16, 1955, was filed in this court February 17, 1955:

"*Resolved*, That the Justices of the Supreme Court be respectfully requested to give their opinion upon the following question of law:

"Do the provisions of House Bill No. 145, An act relating to an equalized average income tax rate, violate the fundamental law of the state with respect to the determination and collection of taxes:

"*And be it Further Resolved*, That the Speaker transmit a copy of House Bill No. 145 to the Clerk of the Supreme Court for consideration by said court."

The following answer was returned:

*To the House of Representatives:*

The undersigned, the Justices of the Supreme Court, make the following answer to the inquiry contained in your resolution with reference to House Bill No. 145, entitled "An Act relating to an equalized average income tax rate."

This bill would amend R. L., c. 78, s. 1, providing for a tax on incomes consisting of interest and dividends, by inserting before the word "average" in the first line the word, "equalized" so that said section as amended shall read as follows: "1. RATE. An annual tax upon incomes shall be levied at the equalized average rate of taxation, as near as may be, levied upon other property throughout the state, excepting polls. . . . "

It is our understanding that under the present law the rate at which such incomes are taxed is arrived at by dividing the amount of money to be raised by direct property taxation in the towns and cities of the state by the net valuations assessed by the proper officials in each town and city.

The bill does not purport to define what would be meant by "the equalized average rate . . . levied upon other property throughout

the state." The provisions of R. L., *c.* 82, *s.* 11 V, require the Tax Commission in every even year "to equalize the valuation of the property in the several towns and cities of the state . . . by [bringing] said valuations to the true and market value of said property." We assume that the proposed rate would be the average rate required to produce the money to be raised by direct property taxation in the said towns and cities upon the equalized valuations of the property therein.

Under the present bill the divisor used to determine the rate of tax would not be the valuations assessed by the officials of towns and cities but rather those valuations as equalized by the Tax Commission under the provisions of R. L., *c.* 82, *s.* 11 V. Thus House Bill No. 145 would impose upon dividends and interest a tax at the "equalized" average rate of taxation instead of at the average rate as now provided. R. L., *c.* 78, *s.* 1. As property is presently assessed at about fifty per cent of its value (see Report of Commission to Recommend Reorganization of the Tax Structure, 1954, *pp.* 43, 44) this would have the effect of reducing about in half the present rate used for the tax on interest and dividends.

As we have said in answer to your inquiry as to House Bill No. 144 "the relation of the tax on interest and dividends to that on estates as to rate and other features rests in the discretion of the legislature provided it is laid at a common and uniform rate." *Opinion of the Justices*, 99 N. H. 512. The manner proposed in House Bill No. 145 of arriving at the rate of taxation is clearly within that discretion and the proposed bill is constitutional.

FRANK R. KENISON.
LAURENCE I. DUNCAN.
AMOS N. BLANDIN, JR.
EDWARD J. LAMPRON.
JOHN R. GOODNOW.

March 11, 1955.